**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                                        Case No.: 12-39176-BKC-JKO

JOSEPH LOUIS CHIOFALO,                                Chapter 7

       Debtor,
_____/

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN**
**ON REAL PROPERTY**

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS A MOTION TO VALUE YOUR COLLATERAL**

This Motion seeks to value collateral described below securing the claim of the creditor listed below.

**Deutsche Bank National Trust Company, as Trustee for the Registered Holders of GSAMP Trust 2006-S2, Mortgage Pass-Through Certificates, Series 2006-S2**

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled.**

1. Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, the debtor seeks to value real property securing the claim of **Deutsche Bank National Trust Company, as Trustee for the Registered Holders of GSAMP Trust 2006-S2, Mortgage Pass-Through Certificates, Series 2006-S2** (the "second mortgagee"). Second mortgagee holds a lien recorded at OR Book 45669, at Page 1245 in the official records of Broward County, Florida. (see attached hereto as exhibit "A")

2. The real property is located at 2988 Deer Creek Country Club Blvd., Deerfield Beach, FL 33442, and is more particularly described as follows:

    **A PORTION OF PARCEL "A", OF THE RACQUET CLUB OF DEER CREEK, ACCORDING TO THE PLAT THEREOF, AS RECORDED I PLAT BOOK 103, PAGE 41, OF THE PUBLIC RECORDS OF BROWARD**

      COUNTY, FLORIDA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: COMMENCING AT THE NW CORNER OF SAID PARCEL "A"; THENCE SOUTH 80°26'53" EAST ALONG THE NORTH LINE OF SAID PARCEL "A", A DISTANCE OF 150.31 FEET; THENCE SOUTH 09°33'07" EAST, A DISTANCE OF 27.22 FEET TO THE POINT OF BEGINNING; THENCE NORTH 54°33'07" EAST, A DISTANCE OF 12.90 FEET; THENCE SOUTH 80°26'53" EAST, A DISTANCE OF 29.00 FEET; THENCE SOUTH 09°33'07" WEST, A DISTANCE OF 29.00 FEET; THENCE NORTH 35°26'53" EAST, A DISTANCE OF 22.25 FEET; THENCE NORTH 09°33'07" EAST, A DISTANCE OF 22.75 FEET TO THE POINT OF BEGINNING. SAID LANDS SITUATE, LYING AND BEING IN BROWARD COUNTY, FLORIDA A/K/A LOT NO. 32, BUILDING NO. 6, OF ARBOR GREEN TOWNHOMES. ALSO KNOWN AS: 2988 DEER CREEK COUNTRY CLUB BLVD, DEERFIELD BEACH, FL 33442.

3. At the time of the filing of this case, the value of the real property is $140,000.00 as determined by comparative market analysis.

4. Chase Manhattan Mortgage ("First Mortgagee") holds lien on the real property, senior to priority to second mortgagee, securing claims in the aggregate amount of $306,813.00.

5. Second mortgagee's collateral consists solely of the debtor's principal residence. As there is no equity in the real property after payment in full of the claims secured by liens senior to that of second mortgagee, the value of second mortgagee's secured interest in the real property is $0.00.

6. The undersigned reviewed the docket and claims register and states: Second mortgagee has not filed a proof of claim in this case. The trustee shall not disburse any payments to second mortgagee unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a

      secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

7.  The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE**, the debtor respectfully requests an order of the Court (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the second mortgagee's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if second mortgagee's secured interest in the real property is determined to be $0.00, deeming second mortgagee's lien on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 7 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1.  In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court.

2.  The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

**Respectfully submitted this** __8th__ day of October, 2013.

                                **LAW OFFICES OF DANIEL G. GASS, P.A.**

                                By: _____/s/ Daniel G. Gass, Esq._____
                                      Daniel G. Gass, Esquire
                                      Fla. Bar. No.: 19569
                                      10001 Northwest 50th Street, Suite 204
                                      Sunrise, Florida 33351
                                      Tel.: (954) 741-8228
                                      Fax: (954) 746-7690
                                      Email: DannyCPALaw@bellsouth.net



EXHIBIT A

Prepared by: Maria Alvarez
OCWEN LOAN SERVICING, LLC
1661 Worthington Road Suite 100
West Palm Beach, FL 33409
Phone Number: 561-682-8835
Loan Number: 38251906
Attorney Code:

## ASSIGNMENT OF MORTGAGE
### FLORIDA

This **ASSIGNMENT OF MORTGAGE** is made and entered into as of the 9TH day of DECEMBER, 2005, from **NEW CENTURY MORTGAGE CORPORATION**, whose address is c/o Ocwen Loan Servicing, LLC., 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409 ("Assignor") to **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF GSAMP TRUST 2006-S2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-S2** address is C/O OCWEN LOAN SERVICING, LLC. 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409 ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, transfer and set over unto the Assignee, its successors, transferees and assigns forever, all of the right, title and interest of said Assignor in and to the following instrument describing land therein, duly recorded in the Office of the Public Records of BROWARD County, State of FLORIDA, as follows;

Mortgagor: JOSEPH CHIOFALO
Mortgagee: NEW CENTURY MORTGAGE CORPORATION
Document Date: JULY 26, 2005
Recording Date: 08-22-05
Book/Volume/Docket/Liber: 40349
Page/Folio: 880
Instrument: 105299033
Property Address: 2988 DEER CREEK COUNTRY CLUB BLVD., DEERFIELD BEACH, FL

**LEGAL DESCRIPTION: SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

Together with any and all notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to become due thereon, with interest thereon, and attorney's fees and all other charges.
This Assignment is made without recourse, representation or warranty.

IN WITNESS WHEREOF the Assignor has caused these presents to be executed in its name, by its proper officer thereunto duly authorized, the AUGUST 20, 2008

**When Recorded Mail To:**
Financial Dimensions, Inc.
1400 Lebanon Church Road
Pittsburgh, PA 15236

| | |
|---|---|
| Signed, sealed and delivered in the presence of: | NEW CENTURY MORTGAGE CORPORATION<br>BY IT'S ATTORNEY-IN-FACT<br>OCWEN LOAN SERVICING, LLC. |
| *signature* <br>Nancy Eller<br>1661 Worthington Road, Suite 100<br>W. Palm Beach, FL 33409 | By: *signature*<br>Name: Scott Anderson<br>Title: Senior Vice President<br>of Residential Loan Servicing |
| *signature*<br>Michael Hanna<br>1661 Worthington Road, Suite 100<br>West Palm Beach, FL 33409 | |

THIS IS NOT AN OFFICIAL COPY

| | | |
|---|---|---|
| State of Florida | ) | Power of Attorney recorded on: MARCH 16, 2005 |
| | )SS. | Book: 39252  Page: 707 |
| County of Palm Beach | ) | Instrument number: 104822619 |

On AUGUST 20, 2008, before me, the undersigned, a Notary Public for said County and State, personally appeared Scott Anderson, of 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409, personally known to me to be the person that executed the foregoing instrument and acknowledged that he is the Senior Vice President of Residential Loan Servicing, Ocwen Loan Servicing, LLC, A Limited Liability Company, By it's Attorney-In-Fact for NEW CENTURY MORTGAGE CORPORATION, and that he did execute the foregoing instrument. He is personally known to me.

Witness my hand and official seal.

*signature*
Notary Public

NOTARY PUBLIC-STATE OF FLORIDA
Leticia N. Arias
Commission #DD737904
Expires: NOV. 29, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

OLS Loan Number: 38251906

### EXHIBIT "A"

A portion of Parcel "A", of THE RACQUET CLUB OF DEER CREEK, according to the Plat thereof, as recorded in Plat Book 103, Page 41, of the Public Records of Broward County, Florida, being more particularly described as follows

Commencing at the Northwest corner of said Parcel "A",

thence South 80°26'53" East along the North line of said Parcel "A", a distance of 150 31 feet,

thence South 09°33'07" East, a distance of 27 22 feet to the Point of Beginning,

thence North 54°33'07" East, a distance of 12 90 feet,

thence South 80°26'53" East, a distance of 25 21 feet,

thence South 09°33'07" West, a distance of 29 00 feet,

thence South 54°33'07" West, a distance of 26 30 feet,

thence North 35°26'53" West, a distance of 22 25 feet,

thence North 09°33'07" East, a distance of 22 75 feet to the Point of Beginning

Said lands situate, lying and being in Broward County, Florida

A/K/A Lot No 32, Building No 6, of Arbor Green Townhomes

CFN # 105299033, OR BK 40349 Page 888, Page 1 of 9, Recorded 08/22/2005 at 04:59 PM, Broward County Commission, Doc M $269.50 Int Tax $154.00 Deputy Clerk 3075

Case 12-39176-JKO  Doc 33  Filed 10/08/13  Page 7 of 15

Return To: Sunbelt Title Agency
2211 Lee Road, Suite 218
Winter Park, FL 32789

~~Return To:~~

New Century Mortgage Corporation
18400 Von Karman, Ste 1000
Irvine, CA 92612

This instrument was prepared by:
Nikki Miller
New Century Mortgage Corporation
18400 Von Karman, Ste 1000
Irvine, CA 92612

7490504584

# MORTGAGE

THIS MORTGAGE is made this **26th** day of **July, 2005**, between the Mortgagor, **JOSEPH CHIOFALO, A Single Man**

, whose address is **2988 DEER CREEK COUNTRY CLUB BLVD. 2988, DEERFIELD BEACH, FL 33442**
(herein "Borrower"), and the Mortgagee, **New Century Mortgage Corporation**
, a corporation organized and existing under the laws of **California**, whose address is
**18400 Von Karman, Suite 1000, Irvine, CA 92612**
(herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ **77,000.00**, which indebtedness is evidenced by Borrower's note dated **July 26, 2005** and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on **August 1, 2035** ;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the County of **Broward**,
State of Florida:
See Legal Description Attached Hereto and Made a Part Hereof

This Deed of Trust is Second and Subordinate to an Existing First Trust Deed Loan Now of Record.

THIS IS NOT AN OFFICIAL COPY

A.P.N. **182032203200**
which has the address of **2988 DEER CREEK COUNTRY CLUB BLVD 2988**
                                                                                        [Street]
**Deerfield Beach**                                     [City], Florida **33442**
                                                                   [ZIP Code] (herein "Property Address");

0002839539
Initials: _____

| FLORIDA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT |

VMP -76(FL) (0307).01
Page 1 of 5
VMP Mortgage Solutions, Inc. (800)521-7291

Form 3810
Amended 5/93



TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

VMP®-76(FL) (0307).01                Page 2 of 5                Initials: _____  002839539
                                                                               Form 3810

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, court costs, and costs of documentary evidence, abstracts and title reports.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees and court costs; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Attorneys' Fees.** As used in this Mortgage and in the Note, "attorneys' fees" shall include attorneys' fees, if any, which may be awarded by an appellate court.

---
### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST
---

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

**NOTICE TO BORROWER**

Do not sign this Mortgage if it contains blank spaces. All spaces should be completed before you sign.

Signed, sealed and delivered in the presence of:

_____  _____ (Seal)
(Witness)                         JOSEPH CHIOFALO                  -Borrower
ALYSSA J. GALLUZZI

                                  2988 DEER CREEK COUNTRY CLUB BLVD.
                                  2988                             (Address)

_____  _____ (Seal)
(Witness)                                                          -Borrower

                                                                   (Address)

_____ (Seal)     _____ (Seal)
                        -Borrower                                  -Borrower

                        (Address)                                  (Address)

_____ (Seal)     _____ (Seal)
                        -Borrower                                  -Borrower

                        (Address)                                  (Address)

_____ (Seal)     _____ (Seal)
                        -Borrower                                  -Borrower

                        (Address)                                  (Address)
                                                               (Sign Original Only)

**STATE OF FLORIDA,**                County ss: Broward

The foregoing instrument was acknowledged before me this July 26, 2005 by

Joseph Chiofalo

who is personally known to me or who has produced Drivers License as identification.

_____
Notary Public

ALYSSA J. GALLUZZI
MY COMMISSION # DD 277881
EXPIRES: December 29, 2007
Bonded Thru Notary Public Underwriters

VMP®-76(FL) (0307).01                                              1002839539
                                                                   Form 3810

A portion of Parcel "A", of THE RACQUET CLUB OF DEER CREEK, according to the Plat thereof, as recorded in Plat Book 103, Page 41, of the Public Records of Broward County, Florida, being more particularly described as follows:

Commencing at the Northwest corner of said Parcel "A";

thence South 80°26'53" East along the North line of said Parcel "A", a distance of 150.31 feet;

thence South 09°33'07" East, a distance of 27.22 feet to the Point of Beginning;

thence North 54°33'07" East, a distance of 12.90 feet;

thence South 80°26'53" East, a distance of 25.21 feet;

thence South 09°33'07" West, a distance of 29.00 feet;

thence South 54°33'07" West, a distance of 26.30 feet;

thence North 35°26'53" West, a distance of 22.25 feet;

thence North 09°33'07" East, a distance of 22.75 feet to the Point of Beginning.

Said lands situate, lying and being in Broward County, Florida.

A/K/A Lot No. 32, Building No. 6, of Arbor Green Townhomes.

THIS IS NOT AN OFFICIAL COPY

# CONDOMINIUM RIDER

THIS CONDOMINIUM RIDER is made this **26th** day of **July, 2005**, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to **New Century Mortgage Corporation**

(the "Lender") of the same date and covering the property described in the Security Instrument and located at: **2988 DEER CREEK COUNTRY CLUB BLVD 2988, Deerfield Beach, FL 33442**

[Property Address]

The Property includes a unit in, together with an undivided interest in the common elements of, a condominium project known as:

**RACQUET CLUB**

[Name of Condominium Project]

(the "Condominium Project"). If the owners association or other entity which acts for the Condominium Project (the "Owners Association") holds title to property for the benefit or use of its members or shareholders, the Property also includes Borrower's interest in the Owners Association and the uses, proceeds and benefits of Borrower's interest.

**CONDOMINIUM COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. Condominium Obligations.** Borrower shall perform all of Borrower's obligations under the Condominium Project's Constituent Documents. The "Constituent Documents" are the: (i) Declaration or any other document which creates the Condominium Project; (ii) by-laws; (iii) code of regulations; and (iv) other equivalent documents. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

**B. Hazard Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy on the Condominium Project which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, from which Lender requires insurance, then: (i) Lender waives the provision in Uniform

1002839539

**MULTISTATE CONDOMINIUM RIDER**-Single Family/Second Mortgage
VMP-208R (0411)    3/99
Page 1 of 3    Initials:
VMP Mortgage Solutions, Inc.
(800)521-7291

Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and (ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of the common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 9.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Condominium Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the Constituent Documents if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

1002839539

Initials:

VMP-208R (0411)    Page 2 of 3    3/99

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Condominium Rider.

_____ (Seal)
JOSEPH CHIOFALO                -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

THIS IS NOT AN OFFICIAL COPY

VMP-208R (0411)           Page 3 of 3

1002839539
3/99